**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4647**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PHILLIP HILL, a/k/a Philip Hill,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:17-cr-00040-REP-1)

Submitted: May 24, 2018                           Decided: May 29, 2018

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Alexandria, Virginia, Laura J. Koenig, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Tracy Doherty-McCormick, Acting United States Attorney, Alexandria, Virginia, Stephen E. Anthony, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Hill pleaded guilty to two counts of distribution of cocaine and was sentenced to 151 months' imprisonment. Hill challenges his sentence, arguing that it is procedurally and substantively unreasonable. Finding no error, we affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We first review for significant procedural errors, including whether the district court failed to calculate or improperly calculated the Sentencing Guidelines range, treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) (2012) factors, or failed to adequately explain its chosen sentence. *Id.* If we find the sentence procedurally reasonable, we then examine substantive reasonableness, considering the totality of the circumstances. *Gall*, 552 U.S. at 51. If the sentence is within the Guidelines range, this court applies a presumption of reasonableness. *United States v. Mendoza-Mendoza*, 597 F.3d 212, 217 (4th Cir. 2010).

Hill concedes that his Guidelines range was properly calculated, but contends that the court procedurally erred in applying a presumption of reasonableness to the Guidelines range. The court did not evidence an impermissible presumption and meaningfully considered Hill's individual circumstances and considered his request for a downward variance sentence. Therefore the sentence was procedurally reasonable.

Hill contends that the 151-month sentence is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) because his criminal history score overrepresented his criminal history and he therefore should have received a downward variance sentence. We conclude that Hill's sentence is substantively reasonable. The district court

2

responded to defense counsel's arguments for a downward variance sentence meaningfully, and explained its chosen sentence. Furthermore, Hill presents no evidence to rebut the presumption of reasonableness applicable to his within-Guidelines sentence.

We therefore affirm Hill's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*